UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES EARL WALTON,
    Petitioner,

v.

D.K. Williams,
    Respondent.

No. 3:18-cv-1993 (MPS)

**RULING ON PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner James Earl Walton was sentenced to a 300-month term of imprisonment in North Carolina for conspiracy to distribute and to possess with the intent to distribute more than five kilograms of cocaine and for using and carrying firearms during and in relation to a drug-trafficking crime.  He is currently serving his sentence at FCI Danbury with a projected release date of February 2031.[1]  Walton commenced this habeas corpus action pursuant to 28 U.S.C. § 2241, challenging his sentence enhancement as a result of his designation as a career offender. For the reasons set forth below, this Court lacks jurisdiction to entertain Walton's § 2241 petition.  Therefore, the petition is DISMISSED.

**I.    BACKGROUND**

The Court assumes familiarity with the factual and procedural history of this case, stretching back to August 15, 2007, when Walton was indicted in the Eastern District of North Carolina. *USA v. Walton*, 2:07-cr-0017-BO-1, ECF No. 1.  Since his sentencing on May 29, 2008, Walton has challenged his conviction in in the Eastern District of North Carolina on the following occasions: first, in 2011 under 28 U.S.C. § 2255; second, in 2015 under 18 U.S.C. §

---

[1] Federal Bureau of Prisons, Find an inmate; https://www.bop.gov/inmateloc/ (last visited July 31, 2021).

3582; third, in 2016 under § 2255; fourth, in 2020 under the First Step Act; and finally in 2021 under the First Step Act. *Id.* at ECF Nos. 36, 63, 72, 101. Walton has not obtained any relief as a result of his challenges.

Walton brought the present petition *pro se* in December 2018 seeking relief under § 2241. ECF No. 1. Counsel was appointed to represent Walton, and a memorandum in support of the § 2241 petition was filed. Walton asserts that there is jurisdiction to entertain his petition because the issue falls within the limited exception to the general rule that prisoners must use § 2255, rather than § 2241, to challenge the constitutionality of a conviction or sentence. ECF No. 20 at 10. Specifically, Walton argues that his sentence was imposed as a result of a "sentencing error" and should thus be reviewable under § 2241 so as to correct a manifest injustice. *Id.* at 1.

## II.   LEGAL STANDARDS

Section 2255 permits collateral challenges to the constitutionality of the imposition of a federal sentence and is the proper vehicle for such challenges. 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States … may move the court which imposed the sentence to vacate, set aside or correct the sentence."); *see Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003) ("Section 2255 … is the proper vehicle when the federal prisoner seeks to challenge the legality of the *imposition* of a sentence by a court.") (citation and internal quotation marks omitted, emphasis in original). Section 2241, on the other hand, permits a prisoner to challenge the execution of a sentence, "such as calculations by the Bureau of Prisons of the credit to be given for other periods of detention, or decisions to deny parole … or conditions of confinement." *Poindexter*, 333 F.3d at 377 (citations omitted).

The Second Circuit has recognized a narrow exception in which a prisoner can challenge the imposition of a sentence under § 2241.

> Where relief through § 2255 is unavailable as a procedural matter, and the failure to allow for collateral review would raise serious constitutional questions, …we have interpreted § 2255's exception for "inadequate or ineffective" remedy as making an exception to the general rule that a federal prisoner must use § 2255 instead of seeking a writ of habeas corpus under § 2241…. In order to fit within this exception authorizing a petition under § 2241 for a claim that is within the substantive scope of § 2255, … [t]he application not only must show that relief is procedurally unavailable under § 2255, but also must assert a claim of actual innocence that (a) is provable on the existing record, and (b) could not have effectively been raised at an earlier time.

*Id.* at 378 (citations, internal quotation marks, and alterations omitted); *see also* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *see also Triestman v. United States*, 124 F.3d 361, 363 (2d Cir. 1997) ("Ben Gary Triestman may be innocent of the crime of which he was convicted. Prior to bringing this petition, he had no effective opportunity to raise his claim of actual innocence. While we find that § 2255 is not available to him, we do not believe that, in enacting the AEDPA, Congress intended to deny Triestman a forum in which to have his claim heard. Indeed, to assume that Congress did so intend would be to imperil the constitutional validity of the AEDPA. We hold that, in such circumstances, § 2255 is inadequate and/or ineffective to test the legality of Triestman's detention, and that Triestman is therefore entitled to raise his claim of actual innocence in a petition for a writ of habeas corpus [under § 2241].").

If the petitioner's claim does not fall within the exception, then the court lacks subject matter jurisdiction to entertain the merits of the § 2241 petition. *See Dhinsa v. Krueger,* 917 F.3d

3

70, 81 (2d Cir. 2019) ("Because the savings clause articulates a jurisdictional requirement, a court adjudicating a § 2241 petition must confirm that the savings clause can be applied *at all* before proceeding with a full merits review of the petitioner's claims.") (citation omitted, emphasis in original).

### III. DISCUSSION

Walton does not argue that he has asserted a claim of actual innocence so as to fall within the narrow exception that has been recognized by the Second Circuit. Instead, he argues that he was subjected to a fundamental sentencing error because a change in the law, made retroactive by the Court of Appeals that reviewed his conviction, no longer qualified him for a career offender enhancement. *See United States v. Simmons*, 649 F.3d 237, 247 (4th Cir. 2011) (rehearing en banc) (concluding that a state conviction that was "for only non-aggravated, first-time marijuana possession … was not punishable by a term of imprisonment exceeding one year, which is reserved for repeat offenders.") (internal quotation marks omitted); *see also Miller v. United States*, 735 F.3d 141, 147 (4th Cir. 2013) (applying the *Simmons* substantive rule retroactively to vacate the petitioner's conviction and remand with instructions to grant the § 2255 petition).

Under Walton's theory, this Court enjoys jurisdiction under the § 2255 exception to consider the constitutionality of the imposition of his sentence in light of the retroactive change in the law. The "74-92 month difference" in his sentence, as a result of the career offender enhancement, "represents a manifest injustice[,]" according to Walton. ECF No. 20 at 13. Walton relies on case law from the Fourth Circuit that he urges the Court to follow. *Id.* at 15-16. In the Fourth Circuit, the exception allowing § 2241 petitioners to challenge the imposition of a sentence is not limited, as it is in the Second Circuit, to claims of actual innocence. The Fourth

4

Circuit has concluded that the exception extends to fundamental sentencing errors when the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

Walton argues that the Fourth Circuit's standard as established in *Wheeler*, and not the actual innocence standard, "should control here[.]" ECF No. 20 at 16. I disagree. First, the Second Circuit's standard is obviously binding and I am unaware of any case within the Second Circuit that has extended the exception for § 2241 petitions aimed at sentencing errors to permit review of anything other than a claim of actual innocence. *See, e.g., Dhinsa*, 917 F.3d at 81 (limiting the exception to actual innocence); *Darby v. U.S.*, 508 Fed. App'x 69, 71 (2d Cir. 2013) ("The Supreme Court has made clear that the actual innocence exception is very narrow and is concerned with actual as compared to legal innocence.... The exception, therefore, does not apply where the petitioner merely makes a legal argument.... Despite this established principle, Darby makes an essentially legal argument that he is innocent of the sentencing enhancement because the district court misclassified his predicate offenses under the Guidelines. This argument is insufficient to trigger the actual innocence exception.") (citations, internal quotation marks, and alterations omitted); *Roccisano v. Menifee*, 293 F.3d 51, 57 (2d Cir. 2002) (limiting the exception to actual innocence); *Smith v. Warden*, No. 3:18-cv-1111 (AWT), 2019 WL 1877074, at *1-*2 (D. Conn. April 26, 2019) (declining to extend actual innocence exception to a § 2241 petition challenging the petitioner's designation as a career offender despite petitioner's

reliance on law from the Sixth Circuit and stating that "[t]he Second Circuit has never extended the actual innocence exception to this situation"). The Second Circuit's standard is well-established and I lack authority to extend the exception beyond the parameters defined by that standard.

In any event, the Fourth Circuit has already affirmed the decision of the U.S. District Court for the Eastern District of North Carolina – Walton's sentencing court – that his claim does not fall within the § 2255 exception even as that exception is construed in the Fourth Circuit. In Walton's fourth attempt at relief, he argued that under *Wheeler*, he "satisifie[d] the requirements of the savings clause of Section 2255(e), because a retroactive change in the law, occurring after the filing of his first Section 2255 motion render[ed] his career offender sentence constitutionally and fundamentally defective." *Walton*, 2:07-cr-0017-BO-1, ECF No. 102. The district court disagreed and concluded that Walton had failed to satisfy the prongs of the *Wheeler* standard. *Walton*, 2:07-cr-0017-BO-1, ECF No. 112 at 4. The court explained that by the time the Fourth Circuit had declined certifying Walton's first § 2255 motion, the retroactive change in the law had already taken place, and therefore, the "settled substantive law" did not change "subsequent to the prisoner's direct appeal and first § 2255 motion"—part two of the *Wheeler* test. *Id*. The case that established a retroactive change in the law, *Miller*, 735 F.3d at 144, had been decided in August 2013, and Walton's § 2255 appeal was not decided until October 2013. In March 2021, the Fourth Circuit issued a summary order affirming the district court's order "for the reasons stated by the district court." *United States v. Walton,* 840 Fed. App'x 753, 753 (4th Cir. 2021).

Finally, the present petition is Walton's third attempt to seek relief under § 2255. The petition challenges the constitutionality of the imposition of his federal sentence, even though it is framed as a challenge under § 2241. His prior two § 2255 petitions were rejected in the

Eastern District of North Carolina; the second dismissed after considering the merits, as I have discussed. In such a case, the district court can refer the successive § 2255 "to the appropriate Court of Appeals for certification or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction." *Bentley v. Fernandez*, No. 9:18-CV-1025 (MAD/CFH), 2018 WL 4853286, at *3 (N.D.N.Y. Oct. 5, 2018) (alteration omitted) quoting *Adams v. United States*, 372 F.3d 132, 136 (2d Cir. 2004). The appropriate Court of Appeals is the Fourth Circuit because Walton was sentenced in North Carolina. *See Sanchez v. Fernandez*, No. 918CV1188 (GLS/ATB), 2019 WL 4579226, at *7 (N.D.N.Y. May 2, 2019), report and recommendation adopted, No. 9:18-CV-1188 (GLS/ATB), 2019 WL 4573250 (N.D.N.Y. Sept. 20, 2019) ("Because petitioner was sentenced in Maryland, this court has no jurisdiction to decide a motion to vacate the petitioner's sentence, and such motion would have to be considered by the Fourth Circuit because it is undisputed that petitioner has brought multiple section 2255 motions. When the court determines that it lacks jurisdiction over a section 2241 petition, the court may dismiss the action.") (citation omitted). The Fourth Circuit, however, has made it plain that it does not consider § 2255 to be inadequate or ineffective to test the legality of Walton's detention.

In light of the binding authority in the Second Circuit that limits jurisdiction under the § 2255 exception to claims of actual innocence, and in light of the Fourth Circuit's recent ruling, Walton has failed to establish that this Court has jurisdiction to entertain the merits of his petition. Thus, the court lacks subject matter jurisdiction to entertain this petition.[2]

---

[2] The government argues in its memorandum in opposition to Walton's § 2241 petition that res judicata and/or collateral estoppel bar this action. ECF No. 25 at 1. In light of the discussion above, I need not address the issues of res judicata or collateral estoppel.

7

## IV. CONCLUSION

For the reasons set forth above, Walton's petition for writ of habeas corpus is DISMISSED.

IT IS SO ORDERED.

Dated: August 2, 2021
Hartford, Connecticut

/s/
Michael P. Shea, U.S.D.J.